IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GAGE ZEEK, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:18-CV-183-D |
| | § | |
| MICHAEL RYAN, Sheriff, | § | |
| Gray County Jail, | § | |
| | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

Petitioner, a *pretrial* detainee confined in the Gray County Jail, has filed this *pro se* habeas petition under 28 U.S.C. section 2241 against custodian Gray County Sheriff Michael Ryan challenging the constitutionality of his continued confinement. For the following reasons, the petition should be dismissed without prejudice.

## BACKGROUND

Petitioner appears to allege he is currently confined for the charged offenses of manufacture/ possession/delivery of a controlled substance (2 counts), aggravated assault with a deadly weapon, theft of property, and burglary of a building, and that criminal proceedings with regard to such charges have been pending against him in the 223rd Judicial District Court in Gray County for over six (6) months. Petitioner appears to assert his continued confinement on the pending criminal charges violates his federal constitutional rights because he was denied an "examining trial" under state procedural law prior to being charged with the various offenses by Indictment, and because appointed counsel has been ineffective in his pretrial representation of

petitioner in that he has not timely responded to letters or calls from petitioner or his family. Petitioner requests he be afforded an "examining trial" on the charges, or that the Indictments against him be quashed, dismissed or set aside, or that the state charges be dismissed "all together" and he be immediately released from pretrial detention.

ANALYSIS

Under 28 U.S.C. section 2241, a state pre-trial detainee may raise constitutional claims related to his confinement in a federal habeas proceeding. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998). ("Pretrial petitions are properly brought under § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." (internal quotes omitted)). However, to warrant habeas relief under section 2241, a state petitioner must be in custody and must have exhausted all available state remedies. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484 (1973). Although exhaustion of state remedies is mandated by statute only for post-trial habeas claims under 28 U.S.C. section 2254(b), well-established Fifth Circuit precedent holds that the federal courts should abstain from exercising jurisdiction over pretrial habeas claims if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. *See Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976). Federal habeas relief should not be used as a "pre-trial motion forum for state prisoners." *Braden*, 410 U.S. at 493. Exceptions to the exhaustion requirement apply only in extraordinary circumstances. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (*per curiam*).

The online electronic docket of the Texas Court of Criminal Appeals reflects petitioner has not filed a petition for state habeas relief with that court or otherwise presented the claims he raises in the instant federal habeas petition to that state court. Consequently, petitioner has not exhausted

his state court remedies. Petitioner has not shown that trial or existing state procedures, including pretrial habeas review, direct appeal, and post-trial state habeas review, are insufficient to protect his constitutional rights, nor has he argued, much less shown, any extraordinary circumstances warranting excusal from the exhaustion requirement.

Moreover, petitioner's claims and requested relief are subject to application of the *Younger* abstention doctrine. The *Younger* abstention doctrine discourages federal courts from interfering with state criminal proceedings except in extraordinary circumstances where the danger of irreparable loss is both great and immediate. *Younger v. Harris*, 401 U.S. 37, 45 (1971). Its purpose is to protect on federalism grounds the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process. *See Dickerson*, 816 F.3d at 225; *Braden*, 410 U.S. at 490–91. In short, it is to prevent federal habeas relief's use as a "pre-trial motion forum for state prisoners." *Braden*, 410 U.S. at 493.

The *Younger* doctrine requires federal courts to decline to exercise jurisdiction over a state criminal defendant's claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the [petitioner] has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012). All prerequisites for abstention under *Younger* are met in the instant case. Petitioner has failed to show any special or exceptional circumstances warranting this Court's interference. This section 2241 petition should be dismissed because of the failure to exhaust state court remedies and the *Younger* abstention doctrine.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the Senior United

Senior District Judge that the *Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241* [ECF 3] filed by petitioner GAGE ZEEK be DISMISSED without prejudice.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED November 13, 2018.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

* <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).